**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**EASTERN DIVISION**
**CIVIL ACTION NO. 4:17-CV-00136**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CONSENT DECREE** |
| **SENIOR CARE PROPERTIES, INC. D/B/A HARBORVIEW REHABILITATION AND HEALTHCARE,** | ) | |
| **Defendant.** | ) | |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. Section 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that Defendant Senior Care Properties, Inc. d/b/a Harborview Rehabilitation and Healthcare (the "Defendant"), discriminated against Katrina Friend by failing to accommodate her and discharging her because of her disability, in violation of the ADA. Defendant denies these allegations and neither this Decree nor any obligations under this Decree shall be deemed or construed an admission by Defendant of any liability or unlawful conduct. Likewise, the Commission does not disavow the allegations contained in its Complaint.

The Commission and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of the ADA will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 19 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of disability within the meaning of the ADA, including failure to provide reasonable accommodations and discharging disabled employees because of their disability.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under the ADA or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. In accordance with the requirements of the ADA, Defendant shall grant leave as a reasonable accommodation under the ADA to disabled employees who notify Defendant of their disabilities and need for accommodation, absent undue hardship.

4. In accordance with the requirements of the ADA, Defendant shall grant light duty as a reasonable accommodation under the ADA to disabled employees who notify Defendant of their disabilities and need for accommodation, absent undue hardship.

5. Defendant shall pay Katrina Friend the sum of Twenty One Thousand Dollars ($21,000.00) in settlement of the claims raised in this action. Defendant shall make payment by issuing a check payable to Katrina Friend. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendant shall mail the check to Katrina Friend at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall send to the Commission, a copy of the check and proof of its delivery to Katrina Friend. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Katrina Friend may or may not incur on such payments under local, state and/or federal law.

6. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall eliminate from the employment records of Katrina Friend ("Friend") any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 433-2015-03016C and the related events that occurred thereafter, including this litigation. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall change all references in its personnel records for Friend from "terminated" to "voluntarily resigned." Within fifteen (15) days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

7. Defendant shall provide Katrina Friend with a neutral letter of reference using the form attached hereto as Exhibit A. Within ten (10) days of the entry of this Consent Decree by the Court, the original, signed letter of reference shall be provided to Friend at an address provided by

the Commission. Friend may provide a copy of Exhibit A to potential employers. Defendant agrees that if it receives any inquiry about Friend from a potential employer, it will provide only the information set forth in the letter of reference in response.

8. Within ninety (90) days of the entry of this Consent Decree by the Court, Defendant shall draft and distribute a formal, written Americans with Disabilities Act policy, which will include but not be limited to the following: an explanation of the requirements of the the ADA and its prohibition on disability discrimination; an explanation that pursuant to the ADA, Defendant grants reasonable accommodations for disabled applicants and employees; examples of the types of reasonable accommodations available under the ADA; the employee's right to make his or her need for an accommodation known to the employer; the interactive process under the ADA; a procedure by which an employee can request reasonable accommodation; the process by which Defendant determines whether to grant a reasonable accommodation; and a procedure by which the employee requesting reasonable accommodation will be notified of its approval or denial. Defendant shall distribute to each current employee a copy of the policy within the aforementioned 90-day time period. Within one hundred (100) days of the entry of this decree**,** Defendant shall report compliance to the Commission. During the term of this Consent Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

9. During the term of this Consent Decree, Defendant shall post a copy of the policy described in paragraph 8, *supra*, in its facility in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within ninety-five (95) days after the Consent Decree is entered, Defendant will post the policy and notify the Commission that it has been posted.

10. During the term of this Consent Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees in North Carolina. Each training program shall include an explanation of the requirements of requirements of the ADA, its prohibition against disability discrimination and retaliation in the workplace, including specifically the ADA's reasonable accommodation provisions and the types of accommodation available under the ADA. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 8 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within thirty (30) days of when Defendant reopens its facility or no later than one hundred eighty (180) days after entry of this Consent Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-CTDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) days of submission of the agenda. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

11. Beginning within thirty (30) days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit B, hereby made a part of this Consent Decree, in a place where it is visible to employees at its facility. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five

(45) days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

12. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

A. information concerning all employees, who have requested a modification of or change to any of the duties of his or her job because of a physical or mental impairment, including but not limited to: (1) each person's name, address, telephone number and job title; (2) the physical or mental impairment for which the modification of duties was requested; (3) the nature of the request; and (4) the date the request was made;

B. for each request identified in 12.A., state whether Defendant granted or denied the request and if denied, provide a detailed statement explaining the reason for the denial;

C. information concerning all employees, who have requested leave because of a physical or mental impairment, including but not limited to: (1) each person's name, address, telephone number and job title; (2) the physical or mental impairment for which the leave was request; (3) the date of the leave request; and (4) the amount of leave requested; and

D. for each leave request identified in 12.C. above, state whether Defendant granted or denied the request and if denied, provide a detailed statement explaining the reason for the denial.

Defendant shall provide the social security number of an individual identified in response to 12.A. and 12.C. within seventy-two (72) hours of a request by the Commission.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

13. The Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect Defendant's facilities, interview employees and examine and copy documents.

14. If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have twenty (20) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

15. The term of this Consent Decree shall be for two (2) years from its entry by the Court.

16. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Tom Gatewood at tom@gatewoodhms.com. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) days of the change.

17. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

18. Each party shall bear its own costs and attorney's fees.

19. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate. The clerk is DIRECTED to close this case.

12/18/2018
Date

Judge, U.S. District Court

The parties jointly request that the Court approve and enter the Consent Decree:

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff**

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney
129 West Trade Street, Suite 400
Charlotte, N.C. 28202

YLDA MARISOL KOPKA
Supervisory Trial Attorney
129 West Trade Street, Suite 400
Charlotte, N.C. 28202

/s/ Zoë G. Mahood
ZOË G. MAHOOD
Senior Trial Attorney
434 Fayetteville Street, Suite 700
Raleigh, N.C. 28701
Telephone: (919) 856-4080
Fax: (919) 856-4156
Email: Zoe.Mahood@eeoc.gov
N.C. State Bar No. 21722

**ATTORNEYS FOR PLAINTIFF**

**SENIOR CARE PROPERTIES, INC. D/B/A HARBORVIEW REHABILITATION AND HEALTHCARE,**
**Defendant**

/s/ G. Bryan Adams, III
G. BRYAN ADAMS, III
VAN HOY, REUTLINGER, ADAMS & DUNN, PLLC
737 East Boulevard
Charlotte, North Carolina 28203
Telephone: 704-375-6022
Fax: 704-375-6024
Email: bryan.adams@vradlaw.com
N.C. Bar No. 17307

**ATTORNEY FOR DEFENDANT**

**EXHIBIT A**

[Defendant's letterhead]

[Date]

To Whom it May Concern:

Please consider this correspondence as a letter of reference on behalf of our former employee, Katrina Friend.

Ms. Friend was employed by Senior Care Properties, Inc. d/b/a Harborview Rehabilitation and Healthcare from April 20, 2015 through August 20, 2015. During her tenure with us, Ms. Friend held the position of Certified Nursing Assistant Nurse. At the end of her tenure with us, her hourly rate was $11.00 per hour.

We hope that this information about Ms. Friend is helpful to you in considering her for employment.

Sincerely,

[Name]
Chief Executive Officer

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**EASTERN DIVISION**
**CIVIL ACTION NO. 4:17-CV-00136**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>**Plaintiff,**<br>**v.**<br><br>**SENIOR CARE PROPERTIES, INC. D/B/A HARBORVIEW REHABILITATION AND HEALTHCARE,**<br><br>**Defendant.** | **EMPLOYEE NOTICE** |

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Senior Care Properties, Inc. d/b/a Harborview Rehabilitation and Healthcare. Senior Care Properties, Inc. agreed to take the actions set out in the Consent Decree to resolve this matter.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3. Senior Care Properties, Inc. will comply with such federal law in all respects. Furthermore, Senior Care Properties, Inc. will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least five (5) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: ____________________, 2020.